UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRENDA F. FORD-SMITH and ALFRED SMITH,

                Plaintiffs,

v.                                                           1:19-CV-0947
                                                             (GTS/ML)
HMS HOST CORP.,

                Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

LaFAVE, WEIN & FRAMENT, PLLC         CYNTHIA S. LaFAVE, ESQ.
  Counsel for Plaintiffs
2400 Western Avenue
Guilderland, NY 12084

GALLO VITUCCI KLAR LLP                SHANNA R. TORGERSON, ESQ.
  Counsel for Defendant
90 Broad Street, 12th Floor
New York, NY 10004

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently pending before the Court, in this personal injury action filed by Brenda F. Ford-Smith and Alfred Smith ("Plaintiffs") against HMS Host Corp. ("Defendant"), is Plaintiffs' motion to remand. (Dkt. No. 7.) For the reasons set forth below, Plaintiffs' motion to remand is granted, but their request for costs and expenses is denied.

**I.    RELEVANT BACKGROUND**

    **A.    Relevant Procedural Background**

On February 1, 2018, Plaintiffs filed a Complaint in the New York State Supreme Court,

Albany County, against Defendant. (Dkt. No. 2.) In accordance with New York C.P.L.R. § 3017(c), Plaintiffs' Complaint described their injuries but did not state the amount of monetary damages sought.[1] On February 22, 2018, Defendant answered Plaintiffs' Complaint. (Dkt. No. 1, at 2.) On that same date, Defendant served Plaintiffs with discovery demands, including a Demand for a Verified Bill of Particulars and Combined Discovery Demands (which included a Demand for a Statement of Damages pursuant to N.Y. C.P.L.R. § 3017[c]). (Dkt. No. 1, at 2; Dkt. No. 1-3, at 2-6, 19-27.)

On April 9, 2018, Defendant sent a letter to Plaintiffs' counsel requesting a response to its prior Demand for a Verified Bill of Particulars and Initial Combined Discovery Demands (including their Demand for a Statement of Damages). (Dkt. No. 1-4, at 2; Dkt. No. 7-4.) On September 17, 2018, Defendant sent a second letter to Plaintiffs' counsel requesting the same information. (Dkt. No. 1-4, at 3; Dkt. No. 7-5.) On July 18, 2019, Defendant sent a third letter to Plaintiff's counsel requesting a Statement of Damages. (Dkt. No. 1-4, at 4; Dkt. No. 9-1, at 2.)

On August 2, 2019, Defendant filed a notice of removal pursuant to 28 U.S.C. §§ 1332 and 1441. (Dkt. No. 1.)

**B.** **Plaintiffs' Motion to Remand**

**1.** **Summary of Plaintiffs' Arguments**

Generally, in their motion to remand, Plaintiffs assert three arguments. (Dkt. No. 7-7.) First, Plaintiffs argue that remand is appropriate because Defendant's notice for removal is

---

[1] Section 3017(c) of the New York Civil Practice Law and Rules provides, "In an action to recover damages for personal injuries or wrongful death, the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled."

untimely (in that it was filed more than one year after the commencement of the action) and Defendant cannot establish an exception based on any bad faith by Plaintiffs (in deliberately failing to disclose the actual amount in controversy to prevent removal). (Dkt. No. 7-7, at 2-3.) Specifically, Plaintiffs argue that, because July 8, 2019, was the first time Plaintiffs were put on any notice that Defendant intended to remove the case to federal court, Plaintiffs could not have intended to deliberately prevent removal. (Dkt. No. 7-7, at 3.) Second, Plaintiffs argue that Defendant's notice for removal fails to aver or establish that the amount of controversy exceeds $75,000, other than to speculatively and conclusorily state that the injuries alleged in Plaintiffs' Verified Bill of Particulars "are indicative of damages exceeding the sum of $75,000" based upon sustainable verdicts and recorded settlement valuations (which is insufficient). (Dkt. No. 7-7, at 3-4.) Third, Plaintiffs argue that they are entitled to the costs and expenses that they incurred in making this motion to remand, because Defendant lacked an objectively reasonable basis for removing the case several months after the one-year window had passed.

2. **Summary of Defendant's Opposition**

Generally, in opposition to Plaintiffs' motion, Defendant asserts two arguments. (Dkt. No. 9.) First, Defendant argues that its notice for removal is timely because the "removal clock" does not start until a plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought, and here Plaintiffs have yet to serve Defendant with a Statement of Damages. (Dkt. No. 9, at 1-2.) Second, Defendant argues that it has satisfied its burden of averring or establishing that the amount in controversy exceeds $75,000 because, despite not providing a Statement of Damages, Plaintiffs are alleging serious and traumatic injuries sustained in connection with the alleged accident, which are likely to exceed the $75,000

threshold.  (Dkt. No. 9, at 3-4.)

3. **Summary of Plaintiffs' Reply**

Generally, in reply to Defendant's opposition, Plaintiffs repeat their argument that the case should be remanded because Defendant did not inform Plaintiffs of any intent to remove the case to federal court and that their actions do not qualify as "bad faith."  (Dkt. No. 10-2, at 2-4.)

## II. GOVERNING LEGAL STANDARD

A case may not be removed on the basis of 28 U.S.C. § 1332 "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).  If "the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith . . . ."  28 U.S.C. § 1446(c)(3)(B).  In other words, the outer limit for timely removal of an action, brought on the basis of diversity jurisdiction, is one year after the commencement of the action, unless the court finds that the bad-faith exception applies.  *Noguera v. Bedard*, 11-CV-4893, 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) (citing 28 U.S.C. § 1446).

After a case has been removed from state court, a district court has a "continuing obligation to satisfy [itself] that federal jurisdiction over the matter before [it] is proper."  *Shantz v. Union-Endicott Cent. Sch. Dist.*, 18-CV-1315, 2019 WL 330510, at *4 (N.D.N.Y. Jan. 25, 2019) (McAvoy, J.) (quoting *Filsaime v. Ashcroft*, 393 F.3d 315, 317 [2d Cir. 2004]).  This obligation exists because "[f]ederal courts . . . are courts of limited jurisdiction.  Even where the parties are satisfied to present their dispute to the federal courts, the parties cannot confer subject matter jurisdiction where the Constitution and Congress have not."  *Wynn v. AC Rochester*, 273

F.3d 153, 157 (2d Cir. 2001). "The absence of such jurisdiction is non-waivable," and a court cannot decide a case not "properly within [its] subject matter jurisdiction." *Wynn*, 273 F.3d at 157. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In addition, the Second Circuit has instructed that a court is required to "construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enters.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 176 (S.D.N.Y. 2003) ("The defendant's right to remove and the plaintiff's right to choose the forum are not equal, and uncertainties are resolved in favor of remand."). As a result, the burden is on the party that removed the action to federal court to demonstrate (a) jurisdictional basis, and (b) compliance with the statutory requirements. *Smith v. Kinkead*, 03-CV-10283, 2004 WL 728542, at *1 (S.D.N.Y. Apr. 5, 2004) (citation omitted).

## III. ANALYSIS

The Court will consider the jurisdictional issue first because it must have jurisdiction over the action before it can consider the question of timeliness under 28 U.S.C. § 1446(c). *Nocelli v. Kaiser Gypsum Co., Inc.*, 19-CV-1980, 2020 WL 230890, at *3 (S.D.N.Y. Jan. 15, 2020).

### A. Whether the Court Has Diversity Jurisdiction Over this Action

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated below.

A federal court has original subject matter jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). "To remove a case based on

5

diversity jurisdiction, the diverse defendant must aver that all of the requirements of diversity jurisdiction have been met." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). "If the Court does not have subject matter jurisdiction over a removed action, the action must be remanded." *Fleet Nat'l Bank v. Weightman Grp.*, 02-CV-9557, 2003 WL 21781967, at *2 (S.D.N.Y. June 19, 2003) (citing *United Food & Commercial Workers Union, Local 919, AFL-CIO, v. CenterMark rop. Meriden Square, Inc.*, 30 F.3d 298, 301 [2d Cir. 1994] ["*United Food*"]).

Generally, the Second Circuit has interpreted 28 U.S.C. §§ 1446(b)(3) and 1446(c)(3)(A) to mean that an initial pleading is removable when the defendant is able "to intelligently ascertain removability from the face of such [a] pleading." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001) (internal quotation marks omitted). "Any doubts regarding the propriety of removal are resolved in favor of remand, and 'federal courts construe the removal statute narrowly.'" *Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 [2d Cir. 1994]).

The Court will focus on the amount in controversy because neither party contests that Plaintiffs and Defendant are citizens of different states. (Dkt. No. 1, at 3; Dkt. No. 7-7.)

Generally, the amount in controversy is measured as of the time that a complaint is filed and it is established by the face of the complaint and the dollar-amount actually claimed. *Luce v. Kohl's Dept. Stores, Inc.*, 23 F. Supp. 3d 82, 84 (D. Conn. 2014); *see Blockbuster, Inc., v. Galeno*, 472 F.3d 53, 56-57 (2d Cir. 2006) ("We generally evaluate jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal."). However, when "the pleadings themselves are inconclusive as to the

amount in controversy," courts may also consider evidence outside of a plaintiff's pleadings to establish, to a reasonable probability, that the amount in controversy exceeds the $75,000 jurisdictional limit. *United Food*, 30 F.3d at 305. "To determine whether [the defendant's] burden has been met, the district court must first look to the plaintiff's complaint and then to the defendant's petition for removal." *Armstrong v. ADT Sec. Services, Inc.*, 06-CV-4925, 2007 WL 187693, at *2 (S.D.N.Y. Jan 23, 2007) (citing *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 [2d Cir. 2000]); *see also Noguera v. Bedard*, 11-CV-4893, 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) ("Defendants correctly note that a court may consider evidence outside of a plaintiff's pleadings to establish a reasonable probability, that the amount in controversy exceeds the $75,000 jurisdictional limit.") (citing *Mehlenbacher*, 216 F.3d at 296).

Removal is proper on the basis of an amount in controversy if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *see Dart Cherokee Basin Operating Co., LLC, v. Owens*, 574 U.S. 81, 88 (2014) ("[B]oth sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."); *see also McLoughlin v. People's United Bank, Inc.*, 586 F. Supp. 2d 70, 72 (D. Conn. 2008) ("Where the complaint fails to allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount . . . . However, the claims made by the plaintiff, not the likely recovery, control.") (internal quotation marks and citations omitted). "Only where it 'appear[s] to a legal certainty that the claim is really less than the jurisdictional amount' can the court dismiss an action for lack of subject matter jurisdiction." *Crabtree v. Hope's Windows, Inc.*, 17-CV-1709, 2018 WL 2436992, at *8 (D. Conn. May 30,

7

2018) (quoting *Fallstrom v. L.K. Comstock & Co.*, 99-CV-0952, 1999 WL 608835, at *1 [D. Conn. July 13, 1999] [quoting *Saint Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288-89 (1938)]).

"The party asserting federal jurisdiction must demonstrate federal subject matter jurisdiction by competent proof." *Crabtree*, 2018 WL 2436992, at *8 (quoting *Royal Ins. Co. v. Jones*, 76 F. Supp. 2d 202, 204 [D. Conn. 1999]). "[A] defendant cannot meet its burden of proof with mere conclusory allegations of indirect or speculative value." *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 718 (S.D.N.Y. 2007) (quoting *Law Audit Servs. v. Studebaker Tech.*, 96-CV-0926, 1996 WL 137492, at *4 [S.D.N.Y. Mar. 27, 1996]).

In this case, Defendant has demonstrated that Plaintiffs' claims exceed $75,000. Although the face of Plaintiffs' Complaint does not provide sufficient information for Defendant to intelligently ascertain removability,[2] it can be reasonably inferred from Plaintiffs' Verified Bill of Particulars that they are seeking more than $75,000 in damages. For example, in their Bill of Particulars, Plaintiff have asserted forty injuries to Plaintiff Ford-Smith alone as a result of this alleged occurrence, including the following:

> Head injury; Intractable post-traumatic headache; Nausea;
> Migraines; Concussion; Post-Concussive Syndrome;
> Nuerocognitive disorder secondary to concussion; Neck pain; .
> . . Difficulty with visuospacial construction/perception;
> Dizziness; Vertigo; Difficulty with balance; Confusion;
> Memory loss; . . . Loss of focus; Blurry vision; Vision

---

[2] The fact that the face of Plaintiffs' Complaint does not provide sufficient information for Defendant to intelligently ascertain removability is not surprising because, as stated above in note 1 of this Decision and Order, "[i]n an action to recover damages for personal injuries or wrongful death, the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c).

> abnormalities; Photophobia; Hyperacusis; Cognitive issues;
> Severely impaired visuo-motor an[d] cognitive processing
> speed; . . . Anxiety; Depression; . . . Unable to drive; Speech
> deficit; Need for speech therapy; [and] Need for
> neurophatlmology . . . .

(Dkt. No. 9-2, at 13-15.) Analogous assertions have been found to be sufficient to establish the amount-in-controversy requirement. *See Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co.*, 19-CV-7294, 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019) (finding that defendant's two Bills of Particulars established a "reasonable probability" that plaintiff was claiming liability in excess of $75,000 where they stated that plaintiff had sustained injuries to his cervical spine, lumbar spine, left ankle and left shoulder); *Quinones v. Nat'l Amusements, Inc.*, 07-CV-0663, 2007 WL 1522621, at *2 (S.D.N.Y. May 21, 2007) ("[T]he facts alleged in the bill of particulars–which include spine injuries, serious leg injuries, and resultant surgery, and extended loss of mobility–make plain that a finder of fact could easily find general damages that exceed $75,000."). Moreover, it is reasonable to infer that Plaintiffs' ability to earn a living will be impaired, based on their alleged injuries. *See Juarbe v. Kmart Corp.*, 05-CV-1138, 2005 WL 1994010, at *2 (S.D.N.Y. Aug. 17, 2005) (finding that Plaintiff's allegations of severe and serious personal injuries to mind and body, as well as the believed permanency of her injuries "indicate a likelihood that the $75,000 threshold will be met").

Because the Court has found that Defendant has established, by a preponderance of the evidence, that there is a reasonable probability that the amount in controversy exceeds $75,000, the Court next evaluates the timeliness of Defendant's Notice of Removal.

    **B.**    **Whether Defendant's Notice of Removal Is Timely**

After carefully considering the matter, the Court answers this question in the negative for

the reasons stated below. Defendants argue that Plaintiffs' refusal to provide a Statement of Damages tolled the one-year "removal clock" pursuant to Second Circuit precedent. "A plaintiff cannot prevent removal by concealing the value of his claim in bad faith." *Armstrong*, 2007 WL 187693, at *2. Courts "may consider evidence in the record suggesting that the plaintiff 'manipulated the amount in controversy so as to defeat federal jurisdiction' alongside the defendant's other allegations of jurisdictional facts." *Id.* (citing *United Food*, 30 F.3d at 304). Bad faith occurs when "the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal . . . ." 28 U.S.C. § 1446(c)(3)(B); *Caires v. JP Morgan Chase Bank N.A.*, 16-CV-2694, 2016 WL 8673145, at *3 (S.D.N.Y. Nov. 4, 2016). Defendant bears the burden of proving bad faith conduct on the part of the plaintiff by clear and convincing evidence. *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 290 (E.D.N.Y. 2014); *Iqbal v. Normandin Transit, Inc.*, 15-CV-0746, 2016 WL 3563218, at *1 (W.D.N.Y. July 1, 2016).

"Although the Second Circuit has not yet had an occasion to interpret the scope of the 'bad faith' exception . . . courts in this Circuit [have] granted equitable extensions of the one-year removal period in cases where the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court." *Ehrenreich*, 994 F. Supp. 2d, at 290; *Nocelli*, 2020 WL 230890, at *5. "Congress instructed that the 'bad faith' exception was intended to be 'limited in scope.'" *Nocelli*, 2020 WL 230890, at *4 (quoting H.R. Rep. No. 112-10 at 15.)

In this case, although Defendant does not expressly argue that Plaintiffs' failure to provide a Statement of Damages amounts to "bad faith," Defendant does argue that, "[d]espite [its] numerous attempts including several telephone calls to Plaintiffs' [sic] counsel, Plaintiffs [sic] have deliberately failed to disclose the actual amount in controversy and has in fact yet to

10

provide Defendant [sic] with a Statement of Damages." (Dkt. No. 9, at ¶ 7.) A party's bad faith is shown when "the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986).

Even when the record is viewed in their favor, Plaintiffs have failed to offer a valid reason for delay in providing a Statement of Damages. Plaintiffs' memorandum of law focuses on Defendant's alleged lack of communication before removing this action to federal court. (Dkt. No. 10-2, at 4.) This focus is misplaced. Although Defendant did not make a motion to compel Plaintiffs' responses in New York State Court,³ Plaintiffs have failed to articulate why they failed to respond to Defendant's discovery requests. This failure is exacerbated by the fact that Defendant requested Plaintiffs' response to discovery on four separate occasions over the course of a year and a half.

However, despite the applicability of the bad-faith exception, Defendant was still required to file its Notice of Removal within thirty days of its receipt of any paper from which it could ascertain that the case was removable. "Except as provided in [28 U.S.C. § 1446(c)], if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is

---

³ The Court notes that Defendant appears to still have a recourse for Plaintiffs' failure to provide a Statement of Damages. The party against whom an action to recover damages for personal injuries is brought "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. N.Y. C.P.L.R. § 3017(c). "In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served." *Id.* Instead of availing itself of such a motion, Defendant attempted to remove this action to federal court.

or has become removable." 28 U.S.C. § 1446(b)(3). "Normally it is assumed that a mailed document is received three days after its mailing." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996). As stated above in Part II of this Decision and Order, "[t]he removal statute is construed strictly." *Maigan v. BFL, Inc.*, 09-CV-4305, 2010 WL 2079774, at *2 (E.D.N.Y. May 24, 2010) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 [1941]). What this means here is that, "[a]bsent a finding of waiver or estoppel, courts rigorously enforce the statute's thirty-day filing requirement." *Maigan*, 2010 WL 2079774, at *2 (quoting *Sbarro, Inc. v. Karykous*, 05-CV-2311, 2005 WL 1541048, at *2 [E.D.N.Y. June 29, 2005]).

As previously discussed above in Part III.A. of this Decision and Order, Defendant argues that Plaintiffs' Verified Bill of Particulars enabled it to ascertain that the amount in controversy exceeds the $75,000 threshold for federal subject-matter jurisdiction. Plaintiffs' Verified Bill of Particulars is dated May 13, 2019, and Defendant filed its Notice of Removal on August 2, 2019. (Dkt. No. 9-2, at 26; Dkt. No. 1.) Accordingly, Defendant's Notice of Removal was not filed within the thirty-day window from the date where it was first ascertained that this action is one which became removable (May 13, 2019). Even assuming that Defendant did not receive Plaintiffs' Verified Bill of Particulars until May 16, 2019, Defendant's notice of removal would have been filed more than two and a half months from the date of receipt, well past the statutory thirty day limit of 28 U.S.C. § 1446(b)(3).

Therefore, for the reasons stated above, Defendant's Notice of Removal is untimely, and requires this action be remanded.

### C. Whether Plaintiffs' Request for Costs and Expenses Should Be Granted

After carefully considering the matter, the Court answers this question in the negative for the reasons stated below.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). District courts retain the discretion to depart from those rules in unusual circumstances, provided that "a court's 'reasons for departing from the general rule should be faithful to the purposes of awarding fees under [Section] 1447(c).'" *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (quoting *Martin*, 546 U.S. at 141). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party . . . ." *Martin*, 546 U.S. at 140. Courts apply a test of "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties" when considering the award of costs and attorney fees. *Frontier Ins. Co. v. MTN Owner Tr.*, 111 F. Supp. 2d 376, 381 (S.D.N.Y. 2000) (quoting *Morgan Guar. Tr. Co. of New York v. Republic of Palau*, 971 F.2d 917, 923-24 [2d Cir. 1992]).

In this case, although Defendant did not communicate any intent to remove this action until well after the one-year window, Plaintiffs are not entitled to costs or expenses. Plaintiffs have not demonstrated that Defendant's purpose of removing this action was to impose additional costs on them and prolong the litigation. Rather, Defendant's delay appears to have resulted merely from their slow digestion of the belated indication of damages contained in

13

Plaintiffs' Verified Bill of Particulars.

Accordingly, Plaintiffs' are not entitled to costs and expenses in making this motion.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' motion to remand this action to state court (Dkt. No. 7-7) is

**GRANTED**, except for their request for costs and expenses, which is **DENIED.**

Dated: March 16, 2020
 Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge